UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

BRIAN COOLEY and COOLEY & CO. LTD

                      Plaintiffs,

- against-

PENGUIN GROUP (USA) INC., DK PUBLISHING,       12 CIV 0001 (LAK)
INC, an affiliate of PENGUIN GROUP (USA) INC.,
DORLING KINDERSLEY LIMITED, an affiliate of      ECF CASE
PENGUIN GROUP (USA) INC., GETTY IMAGES,
INC., CORBIS CORPORATION, RGB VENTURES
LLC D/B/A SUPERSTOCK and LOUIS PSIHOYOS,

                      Defendants.
_____X

### PENGUIN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Richard Dannay
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas – 35th Floor
New York, NY 10036
Phone: 212-790-9200
Fax: 212-575-0671
rxd@cll.com

Attorneys for Defendants Penguin Group (USA) Inc.,
DK Publishing Inc., and
Dorling Kindersley Limited

29602/000/1285746.3

## Table of Contents

| | | Page |
|---|---|---|
| ARGUMENT | | 4 |
| A. | PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR COPYRIGHT INFRINGEMENT CLAIMS | 4 |
| B. | PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR LANHAM ACT CLAIM, WHICH IS INVALID AS A MATTER OF LAW | 7 |
| C. | PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR NEW YORK UNFAIR COMPETITION LAW CLAIM, WHICH IS INVALID AS A MATTER OF LAW | 9 |
| D. | PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEY'S FEES UNDER THE COPYRIGHT ACT ARE PRECLUDED AS A MATTER OF LAW | 9 |
| E. | PLAINTIFFS' REQUEST ON THEIR PRELIMINARY INJUNCTION MOTION FOR "DESTRUCTION" OF PENGUIN'S BOOKS IS IMPROPER | 10 |
| CONCLUSION | | 10 |

This brief is submitted on behalf of the book publisher Penguin Group (USA) Inc., DK Publishing Inc., and Dorling Kindersley Limited ("the Penguin Defendants"), in opposition to plaintiffs' motion for preliminary injunction and temporary restraining order.

Plaintiffs Brian Cooley, a sculptor of dinosaur egg models, and Cooley & Co., Ltd. (the assignee of Cooley's copyrights), claim copyright ownership in two works: "Segnosaur Embryo" and "Therizinosaur." Plaintiffs received copyright registrations for these works, each dated November 10, 2011: VA1-793-313 (Segnosaur Embryo) and VA1-793-315 (Therizinosaur).

Dorling Kindersley Ltd is the publisher of the book *Dinosaurs: A Visual Encyclopedia,* first distributed in June 2011, in the United States, and in Canada through Penguin Group (Canada), a division of Pearson Canada Inc.. Dorling Kindersley Ltd. publishes essentially the same copyrighted work under the alternate title *Dinosaurs: A Children's Encyclopedia* in the UK and elsewhere (but not the U.S. or Canada). Plaintiffs have sued Pearson Canada Inc and all its directors in Canada for infringement of the work, and that suit remains pending.

Dorling Kindersley Ltd's US version, *Dinosaurs: A Visual Encyclopedia*, contains a photograph of "Segnosaur Embryo" on the front cover (and dust jacket) and a thumbnail reproduction on page 195 of this large-format book of 304 pages. Dorling Kindersley Ltd, which arranged for photo permissions for the work, secured permission for the "Segnosaur Embryo" reproduction from the photographer Louis Psihoyos through his licensing agent Corbis (both defendants in this case), and they are credited among the acknowledgements on page 303. Dorling Kindersley Ltd believed it had permission to reproduce the

"Segnosaur Embryo" photo from the parties controlling the rights, and did not know of any claimed interest by plaintiffs in the material depicted in the photo.

By letter dated November 18, 2011, plaintiffs' counsel sent Penguin Group (USA) Inc. (and its DK division, DK Publishing, but not to Dorling Kindersley Ltd or to DK Publishing Inc) a cease-and-desist letter (Exhibit 3 to counsel's declaration) claiming copyright infringement of "Segnosaur Embryo" by the titles *Dinosaurs: A Visual Encyclopedia* and *Dinosaurs: A Children's Encyclopedia*. Penguin Group (USA) Inc. took prompt steps to stop further sales, distribution and marketing of copies of the book in the United States, and has maintained that "freeze" to date.

Plaintiffs' complaint in this action, filed on January 3, 2012, claims infringement of a second work, "Therizinosaur," that had not been part of the original claim. The photograph of this second work, taken by Louis Psihoyos and licensed by Getty, appears in Dorling Kindersley Ltd's book *Ask A Dinosaur*, on page 31. The Complaint was the first notice to the Penguin Defendants of this alleged infringement. Again, Dorling Kindersley Ltd believed it had permission to reproduce the photo of this work from the parties controlling the rights, and did not know of any claimed interest by plaintiffs in the material depicted in the photo. *Ask A Dinosaur* was first published in the U.S. in March 2011. After commencement of this litigation, Penguin Group (USA) Inc took similar steps to freeze further distribution of that book in the U.S. as well.

The Complaint (par. 22) alleges that the books were "first distributed" in "July 2011." In any case, *Dinosaurs: A Visual Encyclopedia* was first distributed at least 5 months before plaintiffs' November 10, 2011 copyright registrations, and *Ask A Dinosaur* 8 months before. Penguin Group (USA) Inc, however, has put the books on hold in the U.S. pending clarification of the issues raised in the litigation.

During the course of the Penguin Defendants' investigation of plaintiffs' claims, documents were discovered that raise substantial doubt about plaintiffs' ownership and control of the rights necessary to support their claims in this action. By Agreement dated November 30, 1995, Brian Cooley gave the National Geographic Society ("NGS") rights in his "Dinosaur Eggs" artwork for publication in its magazine. In that agreement NGS retained the "perpetual non-exclusive right," even after magazine publication, "to grant permission to other organizations to reproduce the work upon payment of an appropriate fee." Moreover, NGS apparently retained full copyright ownership of the artwork for one year after publication, which took place in May 1996. While the copyright owner, NGS apparently commissioned Louis Psihoyos to take the photographs that are the subject of this action. (Copies of the Cooley and the Psihoyos agreements with NGS are exhibits to the accompanying declaration.)

Thus NGS appears to have commissioned the photographer Louis Psihoyos to photograph the egg models for publication in the May 1996 edition of National Geographic magazine. The commission occurred before publication, when NGS owned the copyrights. Mr. Psihoyos apparently retained copyrights in the photos of the egg models, and had the right to distribute the photographs, which he did through Corbis and Getty. Thus reproductions of the egg models through the Psihoyos photographs were permitted by NGS as copyright owner at the time of the grant. These reproductions appear, therefore, to have been authorized by plaintiffs in Mr. Cooley's agreement with NGS. NGS as copyright owner until one year after the 1996 publication, and thereafter as owner of the "perpetual non-exclusive right…to grant permission to other organizations to reproduce the work upon payment of an appropriate fee," appears to have had the right to permit

3

Mr. Psihoyos to reproduce his photos and license others to publish them as he did through Corbis and Getty.

As stated earlier, Dorling Kindersley Ltd relied on and paid Corbis and Getty for non-exclusive rights to reproduce the photos and had no notice that its reliance might not be sufficient to cover rights in the only subject matter depicted in the photos.

## ARGUMENT

### A.  PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR COPYRIGHT INFRINGEMENT CLAIMS

Plaintiffs are not entitled to a preliminary injunction (or temporary restraining order) on their copyright infringement claims (Count I). In fact, plaintiffs have failed to discuss -- or even cite -- the preliminary injunction standards prevailing in the Second Circuit (and other federal courts). *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010); *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365 (2008); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837 (2006). See Plaintiffs' Brief at 3-9.

Plaintiffs do not cite or discuss these cases and rely, instead, on the preliminary injunction standard abrogated by *Salinger, eBay and Winter*. As the *Salinger* court stated, 607 F.2d at 79: "This Court's pre-*eBay* standard for when preliminary injunctions may issue in copyright cases is inconsistent with the principles of equity set forth in *eBay* [and *Winter*]." Plaintiffs' brief is based entirely on preliminary injunction standards no longer controlling in this court.

Under Salinger, 607 F.2d at 79-80, a plaintiff seeking a preliminary injunction must demonstrate, first, either a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor. Second, plaintiff must also demonstrate that he is likely to suffer irreparable injury in the absence of an injunction.

4

The court must not adopt a "categorical" or "general" rule or "presume" that the plaintiff will suffer irreparable harm. Instead, irreparable harm must be proved, not presumed, and plaintiff must show that remedies available at law, such as monetary damages, are inadequate to compensate for the injury. Third, plaintiff must show that the balance of hardships between the plaintiff and the defendant tips in the plaintiff's favor. Fourth, plaintiff must establish that the public interest would not be disserved by the issuance of a preliminary injunction.

Plaintiffs have not established any of these requirements. They have not shown a probability of success on the merits. Dorling Kindersley Ltd published its photos with permission from and payment to Corbis and Getty, which licensed the non-exclusive rights on behalf of the photographer, Louis Psihoyos, the copyright holder of the photos. At the very least, the complicated licensing arrangements plaintiffs entered into with the National Geographic Society, and the NGS's licensing arrangements with Psihoyos, demonstrate issues of fact and contractual interpretation far too substantial to support the drastic relief of preliminary injunction.

Plaintiffs have made no showing of irreparable harm. In fact, they rely on the "presumption" of irreparable harm no longer available. Plaintiffs' Brief at 11. Nor in the circumstances here could plaintiffs have shown irreparable harm. Nothing in the motion papers, including Brian Cooley's declaration, suggests that plaintiffs have suffered or will suffer any harm that cannot be remedied by money damages. Cooley Decl. ¶ 8 (referring to his "opportunities to create works for clients… generating million-dollar contracts"). All that plaintiffs have lost, should they prevail, is a license fee for the nonexclusive use of the photos in the books. Nothing about the books would cause plaintiffs any harm or prevent other opportunities to exploit rights in their works.

5

The balance of hardships between the parties tips decidedly in the Penguin Defendants' favor. As stated, plaintiffs can be made whole by money damages, if they prevail. Dorling Kindersley Ltd, on the other hand, in good faith secured from Corbis, Getty and Psihoyos what it believed were nonexclusive rights to publish the photos in its books. Even if Dorling Kindersley Ltd had searched Copyright Office records (which it was not obliged to do), it would have found no registrations in plaintiffs' names, because plaintiffs did not register their copyrights until November 2011, long after Dorling Kindersley Ltd's publications.

Moreover, plaintiffs' works are only a small portion of the books, and an order enjoining the books would be disproportionate to the harm. As stated in *eBay*, 547 U.S. at 396-397 (concurring opinion of Justice Kennedy): "When the patented invention is but a small component of the product the companies seek to produce and the threat of an injunction is employed simply for undue leverage in negotiations, legal damages may well be sufficient to compensate for the infringement and an injunction may not serve the public interest." See *Dun v. Lumbermen's Credit Assn.*, 209 U.S. 20, 23-24, 28 S.Ct. 335 (1908) (injunction denied); *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77 (2d Cir. 2004) (permanent injunction vacated and denied); *Belushi v. Woodward*, 598 F. Supp. 36 (D.D.C. 1984) (denying temporary injunction against book containing copyrighted photograph used without permission, where harm to defendant in lost sales would clearly outweigh harm to copyright owner, and where public interest in free expression would be harmed); *Bean v. Pearson Education, Inc.*, 2011 WL 1211684 (D. Ariz. 2011) (preliminary injunction against textbook with allegedly infringing photos denied on ground that plaintiffs failed to show irreparable harm or that money damages would be inadequate relief). As these cases show, injunctions are not "automatic" on a finding of probable or even actual liability.

6

Not only would the Penguin Defendants suffer disproportionate harm by an injunction, and plaintiffs be made whole by money damages, but any injunctive relief could be carefully tailored to require removal of the photos only if Dorling Kindersley Ltd were to reprint a new edition.

The public interest would be disserved by a preliminary injunction. Injunctions against books are disfavored and against the public interest. *Rosemont Enterprises, Inc. v. Random House, Inc.*, 366 F.2d 303 (2d Cir. 1966). Here, the public would be deprived of educational books where only a small portion of the books is implicated and where plaintiffs can be adequately compensated by money damages.

Finally there is no need for injunctive relief, in any event. The Penguin Defendants have voluntarily ceased further distribution of the books in the United States pending clarification or resolution of this matter.

B.     **PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR LANHAM ACT CLAIM, WHICH IS INVALID AS A MATTER OF LAW**

Plaintiffs' complaint (Count II) also alleges "reverse passing off" under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). In *Salinger* the Second Circuit stated that "we see no reason that *eBay* would not apply with equal force to an injunction in *any* type of case." 607 F.3d at 78 n.7. Thus the *Salinger* preliminary injunction standard applies to plaintiffs' Lanham Act claim, although again plaintiffs have overlooked the controlling law.

Moreover, plaintiffs' Section 43(a) Lanham Act claim is precluded, as a matter of law, by the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S.Ct. 2041 (2003). Again, plaintiffs have failed to discuss or even cite *Dastar* in their brief.

7

Section 43(a) provides a federal remedy against one who makes "any false designation of origin" likely to cause confusion "as to the origin… of his or her goods." Plaintiffs' claim is known as "reverse passing off," where a seller sells someone else's product under the seller's name, thus passing off another's product as his own. Here, the claim is that the Penguin Defendants failed to give credit to plaintiffs for their works shown in the photos, and thus failed to provide authorship credit in addition to making the unauthorized use.

In *Dastar*, the Supreme Court provided an interpretation of Section 43(a) that precludes plaintiffs' claim for reverse passing off as a matter of law. In *Dastar*, the plaintiff brought a reverse passing off claim against Dastar Corp., distributor of the "Campaign" videos about the allied campaign in Europe during World War II. The Campaign videos included footage from the plaintiff's "Crusade" television series but neglected to attribute the television series as the origin of this footage.

The Court held that "the phrase ["origin of goods"] refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods" *Dastar*, 539 U.S. at 37. In other words, the author of ideas that are reproduced in tangible products such as books and films is not the "origin of goods" within the meaning of Section 43(a) of the Lanham Act. Thus, an author may not claim that the producer of the tangible product, by reproducing the author's ideas without proper attribution, has committed an actionable "false designation of origin." *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 600-02 (S.D.N.Y. 2007).

*Dastar* forecloses any claim by plaintiffs that the Penguin Defendants, by reproducing their works without crediting them, is liable for reverse passing off. The Penguin Defendants, and not plaintiffs, are the producer of the tangible product -- the

books -- offered for sale in this case. The Penguin Defendants' claim to be the origin of the books for purposes of Section 43(a) is true, not false, as a matter of law.

Plaintiffs' Section 43(a) reverse passing off claim must fail as a matter of law.

### C. PLAINTIFFS ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR NEW YORK UNFAIR COMPETITION LAW CLAIM, WHICH IS INVALID AS A MATTER OF LAW

Plaintiffs' complaint (Count V) alleges violations of New York unfair competition law and seeks injunctive relief and damages. Complaint ¶ 53 and Prayer for Relief "B," and Brief at 1. (Counts III and IV are not against the Penguin Defendants.).

This claim is preempted, as a matter of law, by the federal copyright laws. No extended discussion is necessary. The heart of plaintiffs' claims in this case is the "unauthorized and un-credited reproductions of the Works." Pls. Br. at 8. *Dastar* forecloses the "un-credited" portion of their claim. Because their New York unfair competition law claim for "unauthorized reproductions" is merely redundant of their copyright claim, without adding any "extra element," it is preempted by Section 301(a) of the Copyright Act, 17 U.S.C. 301(a). *Fournier v. McCann Erickson*, 202 F. Supp. 2d 290, 298-99 (S.D.N.Y. 2002); *Silverstein v. Penguin Putnam Inc.*, 522 F. Supp. 2d 579, 608-09 (S.D.N.Y. 2007) (and cases cited therein).

Plaintiffs' state law claim is based solely on the Penguin Defendants' alleged copying of their works without attribution. It is, therefore, a disguised copyright claim preempted by Section 301(a) of the Copyright Act.

### D. PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEY'S FEES UNDER THE COPYRIGHT ACT ARE PRECLUDED AS A MATTER OF LAW

Plaintiffs' copyright registrations were obtained on November 10, 2011. Dorling Kindersley Ltd's books were first distributed in March and June 2011, and the Complaint (¶ 22) alleges that the books were "first distributed" in "July 2011." In any event, the

9

alleged copyright infringements "commenced" well before the effective date of plaintiffs' registrations and thus any claim for the remedies of statutory damages and attorney's fees under the Copyright Act are barred as a matter of law. Section 412 of the Copyright Act, 17 U.S.C. § 412; *Fournier v. McCann Erickson*, 202 F. Supp. 2d 290, 297-98 (S.D.N.Y. 2002) (and cases cited therein).

### E. PLAINTIFFS' REQUEST ON THEIR PRELIMINARY INJUNCTION MOTION FOR "DESTRUCTION" OF PENGUIN'S BOOKS IS IMPROPER

In the Order to Show Cause (section 4), plaintiffs request an order that all unauthorized copies of Penguin's books be "destroy[ed]." Under Section 503(b) of the Copyright Act, 17 U.S.C. § 503(b), the remedy of "destruction" (or other disposition) of infringing copies can be ordered only "as part of a final judgment or decree." Plaintiffs' request is premature and unavailable on their preliminary injunction motion.

### CONCLUSION

The only remedy potentially available, if plaintiffs establish copyright infringement, is monetary damages. Plaintiffs' motion for preliminary injunction and temporary restraining order should be denied.

Respectfully submitted,

Dated: New York, NY
January 12, 2012

s/Richard Dannay
Richard Dannay
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas – 35th Floor
New York, NY  10036
Phone:  212-790-9200
Fax:  212-575-0671
rxd@cll.com

Attorneys for Defendants Penguin Group (USA) Inc., DK Publishing Inc., and Dorling Kindersley Limited

29602/000/1285746.3