UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN COOLEY and COOLEY & CO. LTD.
       Plaintiffs,

  -against –

PENGUIN GROUP (USA) INC., DK PUBLISHING,
INC. an affiliate of PENGUIN GROUP (USA)
INC., DORLING KINDERSLEY LIMITED. an affiliate
of PENGUIN GROUP (USA) INC., GETTY IMAGES,
INC., CORBIS CORPORATION, RGB VENTURES
LLC d/b/a SUPERSTOCK and LOUIS PSIHOYOS,

       Defendants.

Index No. 12-CV-0001

# MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF THE PLAINTIFFS'
# MOTION FOR PRELIMINARY INJUNCTION AND
# IN REPLY TO GETTY IMAGES, INC.'S OPPOSITION

Respectfully submitted,

**SAM P. ISRAEL, P.C.**

Sam P. Israel, Esq. (SPI0270)
1 Liberty Plaza – 23rd Fl.
New York, NY 10006
Tel: 212-201-5345
Fax: 212-201-5343

*Attorneys for Plaintiffs,*
*Brian Cooley and Cooley & Co. Ltd.*

Plaintiffs Brian Cooley and Cooley & Co. Ltd. (collectively, "**Plaintiffs**," each individually a "**Plaintiff**") submit this reply memorandum of law, together with the declaration of Plaintiff Cooley in response to the opposition filed by Getty Images, Inc. and in further support of their motion to preliminarily enjoin (the "**Motion**") defendants Penguin Group (USA) Inc., DK Publishing, Inc., Dorling Kindersley Limited (collectively "**Penguin Defendants**"), Getty Images, Inc., Corbis Corporation, RGB Ventures LLC d/b/a SuperStock  (collectively, the "**Clearinghouse Defendants**"); and photographer Louis Psihoyos ("**Psihoyos**") (altogether, the "**Defendants**") from their continued reproduction, publication and sale of unlawful copies of the Plaintiffs' copyrighted material.

## I.  PRELIMINARY STATEMENT

Getty Defendants' opposition papers simply restate the Penguin Defendants' discussion of preliminary injunction standards and threadbare case law addressing distinct situations where Lanham Act claims based on false designation of origin have failed due to nonexistence of tangible goods.

Getty Defendants further allege, without further explanation or support, that Plaintiffs' Motion for preliminary injunction involves "complicated licensing arrangements" the interpretation of which somehow precludes the issuance of a preliminary injunction. Yet, Getty Defendants set forth no case law in this Jurisdiction or others, where a court in equity refused to issue a preliminary injunction simply because a plaintiff's claim for relief implicated issues of contractual interpretation.

As stated in Plaintiffs' previous submissions of papers in support of their Motion, Defendants' misconduct has revealed itself to be willful and, should it persist, the Plaintiffs will suffer irreparable injury in the form of lost accreditations, recognition, benefits and control over the manner in which the Works are depicted. For the reasons set forth in more detail below, Plaintiffs submit this memorandum of law in further

2

support of their claims for preliminary injunction and in reply to Getty Defendants' opposition.

## II.  BACKGROUND AND FACTS

The Court is respectfully referred to the Complaint, declarations by the Plaintiffs and their counsel in support of Plaintiffs' Motion, and Plaintiffs' Reply Memorandum of Law In Response to the Opposition Filed By the Penguin Defendants, for a full statement of the relevant facts and attendant evidentiary submissions.

As alleged in Plaintiffs' previously-submitted Motion papers, Plaintiff Cooley is a preeminent dinosaur sculptor who (through his company Plaintiff Cooley & Co. Ltd.) owns copyrights in two signature dinosaur sculptures, entitled "Therizinosaur" and "Segnosaur Embryo"[1] (collectively, the "**Works**"). Pls.' Mem. of Law p. 1–2; Pls.' Compl. ¶ 14. Plaintiffs recently discovered that several websites, including one owned and operated by Getty, offer stock photography and illustrations of the Works for licensing and/or distribution (among other things), by and through the unauthorized display of copies of the Works and that they do so not only without the Plaintiffs' permission but also without accreditation. Pls.' Mem. of Law p. 1–2; Pls.' Compl. ¶¶ 24, 33–36, Ex. 2 thereto.

According to Getty's opposition papers, defendant Psihoyos is allegedly "represented by the photo agency, Visions of Tomorrow d/b/a Science Faction, who in turn entered into a Rights Managed Distribution Agreement with Getty Images." Pursuant to this alleged agreement, Getty licensed the Therizinosaur photograph to the Penguin Defendants for use in their *Ask A Dinosaur* publication. Getty Defs.' Mem. of

---

[1] Each model is registered under the Copyright Act of 1976 § 101, *et seq.*, as amended. Pls.' Compl. ¶ 14; Cooley Decl. in Further Supp. of Pls.' Mot. ¶¶ 2–3; Cooley Decl. Ex. 1.

Law p. 1.[2] Getty Defendants claim to have had no knowledge of any infringement of Plaintiffs' Works and that they relied on "Science Faction's representations and warranties regarding the Photographs." Getty Defs.' Mem. of Law p. 3. Whereas Getty is allegedly "obligated to display the credit line as submitted by Science Faction," Getty Defendants nevertheless undertook an investigation of Plaintiffs' claims, during which time they began "removing the Photographs from its website." *Id*. p. 3-4. Notwithstanding the Getty Defendants' insistence that they engaged in no misconduct and Plaintiff is not entitled to a preliminary injunction requesting these defendants to remove offending material from their websites, Getty removed the allegedly infringing photographs of the Works from its website two days after the Plaintiffs filed their Complaint. *Id.* In addition, Getty Defendants assert that they will not "enter into any new licenses of the Photographs until further clarification or resolution of this matter." *Id*; Cameron Decl. ¶¶ 10-11. Although Plaintiffs acknowledge Getty's admissions and efforts to alleviate the consequences of their previous misconduct, Getty Defendants have offered no support—in form of affidavits or otherwise—that their conduct will not violate Plaintiffs' rights in the immediate future. As such, Plaintiffs respectfully request that this Court issue a preliminary injunction against all defendants in order to prevent continuing and irreparable harm to Plaintiffs stemming from Defendants' ongoing violations.

### III. ARGUMENT

### A. PLAINTIFFS ARE ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR COPYRIGHT INFRINGEMENT CLAIMS

Similar to the Penguin Defendants, Getty's opposition relies on nothing more than an absence of the *Salinger v. Colting* citation in Plaintiffs' papers submitted in support of their Motion. *See Salinger v. Colting*, 607 F.3d 68 (2d. Cir. 2010); Getty Defs.' Mem. of Law p. 5. Rather than explain how or why Plaintiffs allegedly failed to satisfy

---

[2] Getty stipulates that it was not the source of the Segnosaur Embryo image used in Penguin Defendants' publications titled *Dinosaurs: A Visual Encyclopedia* and *Dinosaurs: A Children's Encyclopedia*. Getty Defs.' Mem. of Law p. 1.

the *Salinger* standard for a preliminary injunction, Getty Defendants conclusively state in few threadbare paragraphs that Plaintiffs have not shown a probability of success on the merits and allegedly failed to state a claim for irreparable harm. *Id*. p. 5–8. Yet, as asserted in the Plaintiffs' papers submitted in support of their Motion, Plaintiffs have satisfied each and every prong of the preliminary injunction analysis set forth in the *Salinger* decision. *See generally Salinger, supra;* Pls.' Reply Mem. of Law.

Specifically, Plaintiffs have shown their ownership of valid copyrights in the Works. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296 (1991) (holding that to prevail on a claim of copyright infringement, Plaintiffs must state: (1) their ownership of a valid copyright, and (2) infringement of the copyright by defendant) *and* Pls.' Mem. of Law in Further Support p. 7–14; Cooley Decl. in Further Supp. ¶ 2. Simply restated, neither Psihoyos nor Getty possessed any distribution rights or copyrights in the Works regardless of alleged "issues of contractual interpretation." The licensing arrangements between NGS and Psihoyos do not explain why Getty's conduct should not constitute *prima facie* infringement of Cooley's copyrights.

Getty further claims that it qualified for the "safe harbor" under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c). Plaintiffs rely on the holding in *Wolk v. Kodak Imaging Network, Inc*, No. 10 Civ. 4135 (RWS), 2011 WL 940056 (S.D.N.Y. Mar. 17, 2011) to allege that their business model lends itself to the DMCA safe harbor. Yet, in *Wolk,* defendant Photobucket.com, Inc. was an internet service provider "which hosts user-generated photos for storage and sharing." *Wolk*, 2011 WL 940056 at *1. Unlike Getty, Photobucket.com, Inc. did not allege to have offered user-generated photos for distribution and licensing purposes. Whereas the DMCA safe harbor protects service providers from liability for infringement of copyright **"by reason of the storage** at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider" (*Wolk*, 2011 WL 940056 at *2), Getty does more than simply host images of infringing material. Indeed, Getty engaged in licensing the allegedly infringing copies of the Works for profit to third

parties. Getty Defs.' Mem. of Law p. 1. Thus, the DMCA safe harbor does not apply to Getty Defendants.

As for the second prong of the *Feist Publications, Inc.* test, *surpa*, Plaintiffs have shown that they will be irreparably harmed should the Defendants' misconduct continue unabated. Although injury has already taken place, Defendants have not offered evidence to support an otherwise empty allegation that they ceased profiting from, featuring, and distributing the infringing material. Getty claims that they had taken down unauthorized images of Plaintiffs' Works. Getty Defs.' Mem. of Law p. 3-4. Yet, Getty offers no proof or reassurance that their infringing conduct has ceased. While the courts may urge caution in granting injunctive relief (*see Campbell v. Acuff-Rose*, 510 U.S. 569, 578 n. 10, 114 S.Ct. 1164, 1171 (1994)), courts will issue an injunction where a plaintiff has stated the requisite elements for a preliminary injunction. *See, e.g., CJ Products LLC v. Snuggly Plushez LLC,* 2011 WL 3667750 (E.D.N.Y. Aug. 22, 2011) (company established likelihood of irreparable harm and inadequacy of remedies at law, as required for a preliminary injunction prohibiting sale of allegedly copyright-infringing products).

Moreover, Plaintiffs alleged irreparable harm stemming from Getty Defendants' misconduct. Whereas the Plaintiffs contend that Defendants' unauthorized and un-credited reproduction, use and distribution of the Works deprives Plaintiffs of creative control over the manner in which the Works are used, damage to reputation and good will, and a loss of opportunities (financial or otherwise), contrary to Getty's conclusions, such injury cannot be relieved by ordinary monetary damages. The conduct Plaintiffs seek to enjoin with respect to the Works is not "broad sweeping" as Getty suggests, but tailored to the manner in which Getty and other Defendants' have abrogated and continue to abrogate Plaintiffs' distribution rights and other rights afforded to them under the Copyright Act.[3] Allegations of Plaintiffs' loss of rights and

---

[3] Although Getty claims that it has "removed the Photographs [of the Works] from its website and does not intend to grant any new licenses in these Photographs pending clarification or resolution of this matter," Getty fails to offer any evidence—in form of

6

control over the Works are made manifest in Plaintiffs' inability to stop the copying and distribution of copies of their Works; this is hardly a "speculative" injury. *See* Pls.' Mem. of Law in Further Supp. p. 14–16; Pls.' Mem. of Law p. 11–14.

As for the balance of hardships, Getty's reliance on *Belushi v. Woodward*—a Colorado decision handed down at trial level almost thirty years ago—is precluded by more relevant New York decisions explaining that public policy favors the enforcement of copyrights. *See Mint, Inc. v. Amad,* No. 10 Civ. 9395(SAS), 2011 WL 1792570 (S.D.N.Y. May 9, 2011); *see also CJ Products LLC*, 2011 WL 3667750 at *10 ("public has a strong interest in receiving accurate information, especially when it comes to products marketed specifically for children. . . .[T]he public interest is served by preventing customer confusion or deception"). For the foregoing reasons, Plaintiffs have met their burden of proof with respect to the issuance of a preliminary injunction on their copyright claim.

### B. PLAINTIFFS ARE ENTITLED TO A PRELIMINARY INJUNCTION ON THEIR LANHAM ACT CLAIM

For the reasons set forth in Plaintiffs' Motion papers and Reply Memorandum to the Penguin Defendants' opposition, Plaintiffs have stated the elements for a preliminary injunction under their Lanham Act claim. In this regard, Getty's contentions are no different from the Penguin Defendants' conclusory allegations that the Plaintiffs' Lanham Act claim is foreclosed "as a matter of law" by the Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 123 S.Ct. 2041 (2003).

---

affidavit or otherwise—to lend any further credibility to its assertions. Getty Defs.' Mem. p. 10. More alarmingly, Getty simultaneously argues against Plaintiffs' request that it stop publishing, advertising, or distributing materials containing copies of the Works because it does not wish to "disrupt longstanding publication plans…." *Id.* p. 9 Getty's obscure admission that images of Plaintiffs' Works have been included in unidentified "longstanding publication plans," lends further proof to Plaintiffs' heightened need of a preliminary injunction against Getty Defendants. Getty Defs.' Mem. of Law p. 9. Unless enjoined, Getty has shown its intent to continue publishing, advertising and distributing materials containing unlawful copies of the Works.

7

Getty accepts that the Plaintiffs' discussion of Getty's alleged violations under the Lanham Act state classic "reverse passing off" claims. Getty Defs.' Mem. of Law p. 10, 11. Yet, Getty fails to distinguish the claims in *Dastar* from the issues in this case. Whereas *Dastar* holds that the statute is not "'designed to protect originality or creativity' because that is the domain of copyright" (Getty Defs.' Mem. of Law p. 11, quoting *Dastar*, *supra*), here the Plaintiffs allege more than a mere violation of their copyrights to support their Lanham Act claim. In this case, Cooley is in fact the "producer of the tangible goods"—to wit, sculptures of dinosaur eggs which he single-handedly created "using his imagination, paleontological talent, judgment and skill." Pls.' Mem. of Law p. 5. The Works are more than an idea or an expression of an idea, in that they are unique, "three dimensional renditions of dinosaur embryos as they likely would have existed prior to hatching" and the only such sculptures in existence. *Id*; Cooley Decl. in Further Supp. of Pls.' Mot. ¶ 3; Cooley Decl. Exs. 1, 3; Pls.' Compl. ¶ 14. Because the Defendants have attributed authorship of the Works to other parties, the Defendants effectively have misrepresented both the *nature and authorship* of Cooley's Works either as their own or products of third parties. As alleged in Plaintiffs' Motion papers, such conduct clearly goes beyond pure copyright infringement. Defendants are profiting from holding themselves out as the true owners and creators of goods that are the products of Cooley's artistic talent. Such misrepresentation of origin is an outright exploitation of rights that belong to the true copyright holder and owner of the goods—to wit, the Plaintiffs.

Moreover, the Getty Defendants' clam that "Cooley is neither the 'origin' nor even the 'author' of the goods that Getty Images offered for sale in this action" is based on a false premise that Psihoyos is the author of the Works. Getty Defs.' Mem. of Law p. 12. Indeed, Getty ignores the obvious assertion that the goods offered for sale by Getty are unlawful copies of the Plaintiffs' Works. The true reason why Cooley is not credited as the author of the goods is because Cooley never authorized the copying and distribution of his Works on Getty's website; as alleged in the Complaint, Defendants unilaterally copied and/or displayed copies of the Works, attempting to circumvent

copyright laws and the Lanham Act by passing off the Works as their own or the products of third parties. *See generally* Pls.' Compl. Thus, whereas Getty's Lanham Act argument is based on Psihoyos' alleged and erroneous authorship of the Works, the Getty Defendants have failed to show that the Plaintiffs have no likelihood of success on the merits. Moreover, because Psihoyos does not hold a valid copyright in the images of the Works, the Getty Defendants cannot rely on the assertion that Getty "must accurately state that the copyright in the Photograph is held by Psihoyos." Getty Defs.' Mem. of Law p. 13 n.3. Not only is this representation inaccurate, but it is one of the reasons for which Plaintiffs seek a preliminary injunction—to wit, misrepresentation of the "origin" of the Plaintiffs' goods.

Finally, not only is the Plaintiffs' request that the Getty Defendants destroy all unauthorized copies of the Works—including all images of the Works as they appear on Getty Images' websites—narrowly tailored to Plaintiffs' specific injury by these defendants and proper in this case, it also imposes little or no burden on the Getty Defendants. Whereas all that is required of Getty is the deletion of infringing material from their website and a so-ordered stipulation that no further licenses for infringing material will be granted without Plaintiffs' authorization, failure to enjoin Getty Defendants from continuing to display unauthorized reproductions of Plaintiffs' Works will result in further dissemination thereof, consumer confusion as to the origin of the goods depicted in the images, and loss to Plaintiffs' reputation and good will as have been established over the past thirty years of his career.

## IV. CONCLUSION

Because the Plaintiffs have met their burden of proof for the issuance of a preliminary injunction and have stated valid claims for copyright infringement, violations of the Lanham Act and New York unfair competition laws, Plaintiffs respectfully request that this Court issue a preliminary injunction against all defendants in this action, including the Getty Defendants, along with whatever further relief that the Court deems just and proper.

Dated: New York, NY
January 16, 2012

        Respectfully Submitted:
        Sam P. Israel, P.C.

        By: *S// Sam P. Israel*
        **N.Y. Fed. Bar No: SPI0270**
        **Sam P. Israel, Esq.**
        1 Liberty Plaza – Twenty Third Floor
        New York, NY 10006
        Tel: 212-201-5345; Fax: 212-201-5343
        Email: SMisrael@aol.com

        *Attorney for Brian Cooley and Cooley & Co. Ltd. Plaintiffs*